J-S38029-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ELIJAH JACKSON | : | |
| | : | |
| Appellant | : | No. 76 MDA 2020 |

Appeal from the PCRA Order Entered December 18, 2019
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0005845-2017

BEFORE:   KUNSELMAN, J., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY McLAUGHLIN, J.:       **FILED: NOVEMBER 6, 2020**

Elijah Jackson appeals *pro se* from the order denying him relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Jackson asserts that his trial counsel was ineffective and that his conviction was both unsupported by sufficient evidence and contrary to the weight of the evidence. We affirm.

Jackson broke into the victim's truck and stole multiple items, including a distinctive chrome television. On April 29, 2017, Jackson encountered the victim and his son and tried to sell them the items he stole. Ultimately, the victim realized that the items in fact belonged to him and confronted Jackson.

---

[*] Former Justice specially assigned to the Superior Court.

Jackson took off running but the victim and his son were able to chase him down and restrain him until police arrived.

After a trial on March 5 and 6, 2019, a jury found Jackson guilty of Receiving Stolen Property.[1] On April 22, 2019, the trial court sentenced Jackson to an aggregate term of 24 to 48 months' incarceration. Jackson filed a post-sentence motion challenging his sentence, which the trial court denied. Jackson filed a timely notice of appeal, but Jackson filed an application to withdraw his appeal, which this Court granted. Shortly thereafter, Jackson's trial counsel filed a motion to withdraw from the case, which the trial court granted. Jackson filed a *pro se* "letter" and petition on July 29, 2019, which the PCRA court properly treated as a request for relief under the PCRA. The PCRA court appointed counsel who subsequently filed a motion to withdraw and a ***Turner/Finley***[2] letter.

The PCRA court granted counsel's motion to withdraw in a memorandum opinion and order, which gave Jackson notice of intent to dismiss his PCRA petition within 30 days. The court issued an order dismissing Jackson's petition on December 18, 2019. Jackson filed the instant timely appeal and complied with Pa.R.A.P. 1925(b). The PCRA court filed a responsive opinion, which incorporated the reasoning set forth in its prior opinion.

On appeal, Jackson raises 10 issues, reproduced here verbatim:

---

[1] 18 Pa.C.S.A. § 3925.

[2] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

1. Should the case been acquitted after the Trial Judge refused to have read the Jurors the Alibi instruction.

2. Was it ineffective when trial counsel refuse to ask for an acquittal after Judge refused to read alibi.

3. Was the verdict against the weight of evidence so where the trial court may award relief. In ***Commonwealth v. Clay***, 61 Pa. 423, 64 A.3d 1049, 1054-55 (2013) states that when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail.

4. Shall Appellant remain incarcerated in violation of his constitutional rights behind mistaken identity and violation of his due process. (Appellant was never given a bail, never notified of said charges, never had a prelim nor seen any magistrate)(District attorney Kayla Bolan lied in her response motion)(see copy)

5. Appellant 8th Amendment was violated, in District Attorney response motion, she stated that Appellant was arrested on 4/30/2017 (see copy) but Appellant never received a bail.

6. Was it justified for the court to allow charges to go forward even after the Honorable Judge Richard A. Lewis pointed out there there's a "comedy of errors" that was so shocking.(see copy of transcript pg. 178)?

7. Was trial counsel ineffective by withholding exhibits, evidence and information from the Jurors that would have found Appellant innocent (why was Appellant in the booking center for six hours and why was the 911 calls withheld from Jurors and finger prints found.

8. Did trial court error when it allowed the Commonwealth to add the buying and selling & change the grading two (2) years later on the day of trial.(see copy)(Transcript page 4)

9. Was trial counsel Hillary C. Hall ineffective when she refuse to file a suppression of evidence (All) evidence held by the Commonwealth, including the 911 recordings.

(According to the record entry sent by the lower court, it was never filed.

10. Trial court errored [sic] when it sentence Appellant above the guidelines of "receiving stolen property-less than $200.00. (Appellant was sentence to a 24 to 48 month sentence which as a relief should have been a 12-24 month.

Jackson's Br. at 4-5.

Although Jackson lists ten issues for review, in his appellate brief he provides a single argument section in which he only provides limited cogent argument for a select number of the issues. Pa.R.A.P. 2119 requires appellate briefs to "be divided into as many parts as there are questions to be argued; and shall have . . . such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). "[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." *Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009). Although we "construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." *Commonwealth v. Lyons*, 833 A.2d 245, 251–52 (Pa.Super. 2003).

In this case, Jackson's failure to divide the argument section into separate sections does not fatally impede our review. We therefore will not quash his appeal for that failing. However, he has presented no developed argument for issues four, five, six, seven, and nine. He has therefore waived them. *Johnson*, 985 A.2d at 924.

We now turn to those issues for which Jackson provides a developed argument. When reviewing the denial of PCRA relief, we consider whether "the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Larkin*, 235 A.3d 350, 355 (Pa.Super. 2020) (*en banc*) (citation omitted).

We presume counsel was effective and a petitioner bears the burden of proving otherwise. *See Commonwealth v. Brown*, 161 A.3d 960, 965 (Pa.Super. 2017). A petitioner may overcome the presumption by pleading and proving all of the following: "(1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice because of counsel's ineffectiveness." *Commonwealth v. Paddy*, 15 A.3d 431, 442 (Pa. 2011). A petitioner's failure to prove any one of these elements defeats the ineffectiveness claim. *See Commonwealth v. Dennis*, 950 A.2d 945, 954 (Pa. 2008).

In his first two issues on appeal, Jackson presents a very thinly developed argument wherein he asserts that his trial counsel was ineffective by failing to request an alibi instruction. To this end, Jackson cites *Commonwealth v. Whiting*, 187 A.2d 563, 566 (Pa. 1963) (alibi instruction unnecessary where defendant admitted being in proximity to the crime scene at the time in question).

The PCRA court rejected this claim, and we perceive no error. Jackson fails to explain why an alibi instruction was appropriate in his case at all.

Nothing in the record suggests he had an alibi, and, as the PCRA court aptly noted, Jackson himself testified at trial and admitted that he had been arrested not far from the crime scene. Hence, we conclude that trial counsel was not ineffective for failing to request an alibi instruction. *See Commonwealth v. Collins*, 702 A.2d 540, 545 (Pa. 1997) (holding alibi instruction not required where "a defendant's own testimony places him close enough to the scene that it would not have been impossible for him to have committed the crime").

In his third issue, Jackson appears to claim that the evidence was insufficient to support his conviction and that his conviction was against the weight of the evidence. Because he could have raised these issues on direct appeal, they are waived. *See* 42 Pa.C.S.A. § 9544(b) ("[A]n issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding").

Jackson's eighth issue concerns his contention that his trial counsel was ineffective for failing to object to the Commonwealth's amendment, on the first day of trial, of the grading of the offense and of his criminal information to change the date alleged for the offense, from April 30, 2017 to April 29, 2017.

Pennsylvania Rule of Criminal Procedure 564 governs the amendment of a criminal information:

> The Court may allow an information to be amended, provided that the information as amended does not charge offenses arising from a different set of events and that the

amended charges are not so materially different from the original charge that the defendant would be unfairly prejudiced. Upon amendment, the court may grant such postponement of trial or other relief as is necessary in the interests of justice.

Pa.R.Crim.P. 564.

When considering a Pa.R.Crim.P. 564 amendment:

[T]he court will look to whether the appellant was fully appraised of the factual scenario which supports the charges against him. Where the crimes specified in the original information involved the same basic elements and arose out of the same factual situation as the crime added by the amendment, the appellant is deemed to have been placed on notice regarding his alleged criminal conduct and no prejudice to defendant results.

***Commonwealth v. Beck***, 78 A.3d 656, 660 (Pa.Super. 2013) (citations omitted). The Commonwealth may amend the information even on the day of trial, so long as it does not prejudice the defendant. ***See Commonwealth v. Sinclair***, 897 A.2d 1218, 1224 (Pa.Super. 2006).

In this case, the PCRA court properly concluded that the underlying challenge to the amendment lacked arguable merit, such that the ineffectiveness claim failed:

[T]he amendment simply changed the grading of the offense but did not charge an offense arising from a different set of events or amend a charge that was materially different from the original charge. The amended information did not require either party to produce additional witnesses, adduce any previously unknown facts, or alter trial strategy. Thus, [Jackson] cannot show that he was unfairly prejudiced by the amendment. As such, this issue is without merit.

PCRA Ct. Op., 11/12/19, at 4.

We concur. **See Beck**, 78 A.3d at 660; **Commonwealth v. Veon**, 109 A.3d 754, 768 (Pa.Super. 2015); **Sinclair**, 897 A.2d at 1224. Thus, trial counsel was not ineffective for failing to object because the underlying claim lacked merit. **See Paddy**, 15 A.3d at 442; **Dennis**, 950 A.2d at 954. Therefore, Jackson's eighth issue also must fail.

Finally, we conclude Jackson waived his last issue, in which he solely states that his sentence exceeds the sentencing guidelines, in multiple ways. First, as with numerous other issues, he has given us no explanation or legal analysis of the claim beyond the bare statement of the issue. Second, liberally construed, Jackson's claim challenges the discretionary aspects of his sentencing, and such claims are not cognizable under the PCRA. **See Commonwealth v. Fowler**, 930 A.2d 586, 593 (Pa.Super. 2007). Third, Jackson did not include this argument in his PCRA petition, and fourth, he did not put it in his Rule 1925(b) statement. **See** Pa.R.A.P. 302(a) (appellant may not raise issues for the first time on appeal); Pa.R.A.P. 1925(b)(4)(vii)(failure to raise an issue in a court-ordered Rule 1925(b) statement results in waiver on appeal). We affirm the PCRA court's order dismissing Jackson's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/06/2020